**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT THREAT,

        Petitioner,

                          CIVIL NO. 2:17-CV-12465

v.                        Paul D. Borman
                          United States District Judge

SHIRLEE HARRY,

        Respondent.

_____/

## OPINION AND ORDER (1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING THE MOTIONS TO STRIKE THE ANSWER, (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

        Robert Threat, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, petitioner challenges his conviction and sentence for second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a); and being a fourth felony habitual offender, Mich. Comp. Laws § 769.12.  For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

# I. BACKGROUND

Petitioner was convicted following a bench trial in the Wayne County
Circuit Court.

LS was the victim. [1]  LS was six years old at the time of the incident.  LS
lived with her mother and petitioner in Detroit. (Tr. 3/22/12, pp. 19, 21, 26).  LS
testified that petitioner "touched" her on three different days.  LS indicated that
petitioner pulled her pants down and "rubbed his penis" on her "private" area.  LS
saw petitioner's penis, noting that it looked "[w]rinkled."  The assault ended when
LS's mother entered the room.  Petitioner ran to the bathroom and LS pulled up her
pants. (*Id.,* pp. 20-26).  LS admitted that her mother helped her remember what she
needed to testify to in court.  LS indicated that her mother "told [her] to say that he
did it three times," and that her mother instructed her to use the word "penis." (*Id.,*
pp. 42-45).

A nurse who examined LS testified that the victim informed her that she
"was touched on [her] private parts with his wee-wee." (*Id.,* p. 95.)  A video of a
forensic interview with LS was admitted into evidence. (Tr. 3/28/12, pp. 3, 5).  The
prosecution also presented evidence that petitioner tried to discourage LS's mother

---

[1]  Because the victim is a minor individual, the Court uses her initials only,
pursuant to Fed. R. Civ. P. 5.2(a)(3).

from coming to court during a jailhouse phone conversation. (Tr. 3/22/12, pp. 71-75).

Petitioner was found guilty of one count of second-degree criminal sexual conduct and not guilty of two additional counts. In finding petitioner guilty, the judge indicated that he found the victim to be credible. (Tr. 3/28/12, pp. 29-32).

Petitioner's conviction was affirmed on appeal, although the case was remanded to the trial court for correction of the pre-sentence report. *People v. Threat*, No. 310331, 2013 WL 3853209 (Mich. Ct. App. July 25, 2013); *lv. den.* 495 Mich. 915, 840 N.W. 2d 355 (2013); *reconsideration den.* 495 Mich. 997, 845 N.W. 2d 97 (2014).

Petitioner filed a post-conviction motion for relief from judgment pursuant to Mich.Ct.R. 6.500 *et seq.,* which was denied. *People v. Threat,* No. 11-012857-FH (Wayne Cty.Cir.Ct., Oct. 10, 2014). The Michigan Court of Appeals held petitioner's post-conviction appeal in abeyance with respect to his court costs claim and denied relief with respect to his remaining claims. *People v. Threat,* No. 325069 (Mich.Ct.App. Feb. 25, 2015). The Michigan Court of Appeals ultimately denied petitioner relief on his remaining claim, after the Michigan Court of Appeals in another case concluded that courts have the authority to impose court costs on defendants in criminal cases. *People v. Threat,* No. 325069 (Mich.Ct.App.

May 21, 2015). The Michigan Supreme Court denied petitioner leave to appeal.

*People v. Threat*, 500 Mich. 945, 890 N.W.2d 665 (2017), *reconsideration den.*,

500 Mich.1004, 895 N.W.2d 172 (2017).

Petitioner filed a petition for writ of habeas corpus, raising the following

claims:

> I. Did the trial court abuse its discretion in denying defendant's motion
> for a new trial?
>
> II. Should the presentence report be corrected and the corrected report
> sent to the Department of Corrections?
>
> III. Will enforcement of the trial court order to pay court-appointed
> attorney fees cause manifest hardship to defendant and his family?
>
> IV. Ground four. (Claims raised by petitioner in his post-conviction
> 6.500 motion):
>
> I. The assessment of court costs as part of [petitioner's] sentence should
> be vacated, as those costs are not authorized to be imposed in this case
> by a specific legislative act.
>
> II. Defendant must be resentenced where prior record variable[s] 1, 2,
> and 5 were scored erroneously, as incorrect scoring violates defendant's
> due process rights at sentencing under the state and federal constitution,
> US CONST, AMS V, VI, XIV; CONST 1963, ART 1, §§ 17, 20.
>
> III. Appellate counsel failed to conduct an independent investigation or
> effectively communicate with [petitioner]; subsequently had no idea of
> issue [petitioner] wished raised or raise the challenge to the inaccurate
> PRV scoring, when he challenged other inaccuracies within the PSIR in
> [petitioner's] appeal of right, or challenging the effective assistance of
> counsel on his only appeal of right. US CONST, AM VI, CONST 1963,

AM VI, CONST 1963 ART 1, § 17.

IV. Trial counsel was constitutionally ineffective for failing to challenge inaccurate scoring of prior record variables, violating [petitioner's] due process rights under US CONST, AMS VI, XIV, CONST 1963, AM VI, CONST 1963 ART 1,§§ 17, 20.

Petitioner subsequently filed additional pleadings. The Court construed this as a motion to amend the petition for writ of habeas corpus and granted the motion. In his amended petition, petitioner raises the following claims which this Court renumbers for purposes of judicial clarity to be consistent with the enumeration of the original claims:

V. Following a bench trial by a verdict of guilty on one count out of three count(s) of criminal sexual conduct second degree, where defendant was denied due process of law and the equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution when the trial court infringed upon his due process protections as guaranteed under both state and federal constitutions [U.S. Const, Ams V, VI and XIV; Const 1963, Art. 1 §§ 17, 20] where a reasonable jury could find that the City of Detroit Police Department violated Mr. Threat's constitutional right to be free from arrest without probable cause.

VI. Defendant was denied due process of law and equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution when the trial denied resentencing for CSC2 without enhancement for fourth offender habitual status because the record failed to establish conclusively that the written notice of intent to enhance was provided within twenty-one days of arraignment as required by MCL § 769.13 violated the rule announced in *People v Fountain*, 407 Mich 96; 282 NW2d 168 (1979).

VII. Pursuant to Michigan Rules of Evidence Rule 611(A) Mr. Threat was denied due process of the law and equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, where the trial court erroneously erred when exercising control over the mode and order of interrogating "excited utterance" when the Fifth Amendment prohibits the government from treating a Defendant's exercise of his right to remain silent at trial as substantive evidence of guilt. U.S.C.A. Const. Amend. 5.

VIII. Defendant denied due process of law and equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution where that the prosecutor's closing statements served to improperly bolster/vouch for the credibility of both Ms. Smith and Ms. Brooks which represented special knowledge of the prosecution regarding MCL § 750.520H, whether Mr. Threat was ever given his *Miranda* rights and, that there would be monetary benefit if there was not a follow through on the prosecution—any of the evidence that was allowed in that there was a protective services investigation as a result of the hospital visit constitutes a wrongful incarceration.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.  A habeas

petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## III. DISCUSSION

### A. Claims # 1 and # 7. The excited utterance claims.

Petitioner first argues in his first and seventh claims that the trial judge should have granted him a new trial because he improperly admitted under the excited utterance exception to the hearsay rule the victim's out-of-court statement to her mother that petitioner touched her private parts with his penis.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000). What is or is not hearsay evidence in a state court trial is governed by state law. *See Johnson v. Renico,* 314 F. Supp. 2d 700, 705 (E.D. Mich. 2004)(internal citations omitted). Petitioner's claim that the trial court improperly admitted the victim's statement to her mother

under the excited utterance exception to the hearsay rule presents a state evidentiary law issue that is not cognizable on federal habeas review. *See e.g. Smith v. Jones,* 326 F. App'x. 324, 330 (6th Cir. 2009); *Williams v. White,* 183 F. Supp. 2d 969, 975-77 (E.D. Mich. 2002).

Petitioner does not allege a violation of his Sixth Amendment right to confrontation nor can he because the victim testified at trial and was subjected to cross-examination. *See People v. Threat*, 2013 WL 3853209, p. 1. An inquiry into the reliability of a hearsay statement is not required for Confrontation Clause purposes when the hearsay declarant is present at trial and subject to unrestricted cross-examination. *See United States v. Owens,* 484 U.S. 554, 560 (1988). In this situation, "the traditional protections of the oath, cross-examination, and opportunity for the jury to observe the witness' demeanor satisfy the constitutional requirements." *Id.* (internal citations omitted). As the victim testified at petitioner's trial and was subject to cross-examination, the admission of the victim's hearsay statement as an excited utterance did not violate petitioner's Sixth Amendment right to confrontation. *See Shannon v. Berghuis,* 617 F. Supp. 2d 596, 604 (W.D. Mich. 2008). Petitioner is not entitled to relief on these claims.

**B. Claim # 1.  The great weight of the evidence.**

Petitioner also appears to argue in his first claim that a new trial should have been granted because the verdict went against the great weight of the evidence.

A federal habeas court cannot grant habeas relief because a state conviction is against the great weight of the evidence. *Cukaj v. Warren,* 305 F. Supp. 2d 789, 796 (E.D. Mich. 2004); *Dell v. Straub,* 194 F. Supp. 2d 629, 648 (E.D. Mich. 2002). *See also Nash v. Eberlin*, 258 F. App'x. 761, 764, n.4 (6th Cir. 2007)("[A] manifest-weight-of-the-evidence argument is a state-law argument . . . ."); *Artis v. Collins,* 14 F. App'x. 387 (6th Cir. 2001)(declining to grant certificate of appealability to habeas petitioner on claim that jury's verdict was against the manifest weight of the evidence).  The test for habeas relief is not whether the verdict was against the great weight of the evidence, but whether there was any evidence to support it. *Dell,* 194 F. Supp. 2d at 648.  As long as there is sufficient evidence to convict the petitioner, the fact that the verdict went against the great weight of the evidence does not entitle him to habeas relief. *Id.*  Petitioner does not contend that the evidence, if believed, was sufficient to convict, only that the verdict went against the great weight of the evidence.  Petitioner is not entitled to relief on this claim.

### C. Claim # 2. The Pre-Sentence Investigation Report claim.

Petitioner in his second claim alleges inaccuracies in his pre-sentence investigation report.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen,* 156 F. Supp. 2d at 797. To the extent that petitioner claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of Mich.Ct.R. 6.429, this would be non-cognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson,* 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds,* 123 F. App'x. 207 (6th Cir. 2005). Petitioner is not entitled to relief on this claim.

### D. Claims # 3 and # 4 (I). The attorney fee/court cost claims.

The Court considers petitioner's third claim and the first part of his fourth claim together because they are interrelated. In his third claim, petitioner alleges that the judge erred in ordering petitioner to reimburse the court for the cost of his court-appointed attorney. In the first part of his fourth claim, petitioner alleges

that the judge erred in imposing court costs upon him at sentencing.

Petitioner is unable to challenge the imposition of fines and costs by the sentencing court in a petition for writ of habeas corpus. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F.3d 28, 29 (6th Cir. 1995). *See also U.S. v. Mays,* 67 F. App'x. 868, 869 (6th Cir. 2003)(district court lacked subject matter jurisdiction over defendant's § 2255 post-judgment motion to reduce or rescind fine levied in criminal judgment; defendant was not in custody, as required in a motion to vacate sentence or a petition for a writ of habeas corpus). This Court lacks subject matter over petitioner's claim that the state court unconstitutionally required him to pay court-appointed counsel's fees, because petitioner's claim does not challenge his confinement. *See Washington v. McQuiggin,* 529 F. App'x. 766, 772–73 (6th Cir. 2013). Petitioner also cannot challenge the imposition of court costs in his petition. Accordingly, petitioner is not entitled to habeas relief on his third claim and the first part of his fourth claim.

### E. Claim # 4(II). The sentencing guidelines claim.

In the second part of his fourth claim, petitioner alleges that the judge incorrectly calculated his sentencing guidelines.

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016). Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of the petitioner's federal due process rights. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

## F.  Claims # 4(III) and (IV).  The ineffective assistance of counsel claims.

In the final two parts of his fourth claim, petitioner argues that trial counsel was ineffective for failing to object to the scoring of the sentencing guidelines and that appellate counsel was ineffective for failing to raise on petitioner's appeal of right the issue of the guidelines scoring or trial counsel's ineffectiveness in failing to challenge the guidelines.  Petitioner raised his ineffective assistance of trial and appellate counsel claims and his related sentencing guidelines claim in his post-

conviction motion for relief from judgment, which was denied by the trial and appellate courts.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F.3d 602, 617 (6th Cir. 2005).

In this case, the state trial and appellate courts, in rejecting petitioner's post-conviction motion for relief from judgment, appeared to conclude that there was a factual basis for the scoring of petitioner's sentencing guidelines.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." See *Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

The trial judge and the Michigan appellate courts rejected petitioner's sentencing guidelines claim on post-conviction review, as well as his related ineffective assistance of counsel claims. Petitioner is therefore unable to show that he was prejudiced by his trial or appellate counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines at sentencing or on direct appeal. *See e.g. Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). If "one is left with pure speculation on whether the outcome of ... the penalty phase could have been any different," there has been an insufficient showing of prejudice. *Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004). Because petitioner

15

has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence or that the Michigan appellate courts were inclined to reverse his sentence, petitioner is unable to show that he was prejudiced by his trial or appellate counsel's purported ineffectiveness in failing to challenge the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007). Petitioner is not entitled to relief on his ineffective assistance of counsel claims.

### G. Claim # 5. The deficient arrest warrant/complaint claim.

Petitioner in his fifth claim argues that the arrest warrant and complaint were deficient because they were not supported by probable cause.

"An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction." *United States v. Crews*, 445 U.S. 463, 474 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975)). *See also Frisbie v. Collins*, 342 U.S. 519 (1952); *Ker v. Illinois*, 119 U.S. 436 (1886). The Supreme Court has held that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Although the exclusionary rule prohibits the introduction at trial of

evidence that was seized in violation of the constitution, a criminal defendant "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct." *Crews*, 445 U.S. at 474. Petitioner does not identify any evidence other than his own body that was seized during this allegedly unlawful arrest. Thus, the mere fact that petitioner may have been arrested without probable cause would not prevent him from being prosecuted and convicted of this offense. Petitioner is not entitled to relief on his fifth claim.

### H. Claim # 6. The habitual offender claim.

Petitioner asks this Court to vacate his habitual offender conviction because the habitual offender notice was untimely filed.

Petitioner's claim involving the application of Michigan's habitual offender laws is non-cognizable on habeas review, because it involves an application of state law. *See Rodriguez v. Jones,* 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009); *Grays v. Lafler*, 618 F. Supp. 2d 736, 751 (W.D. Mich. 2008). Petitioner's claim that he received inadequate notice of the habitual offender charge under Michigan law thus does not state a claim that is cognizable in federal habeas review. *See Tolbert v. LeCureaux,* 811 F. Supp. 1237, 1240-41 (E.D. Mich. 1993). Due

process does not require advance notice that a trial on a substantive criminal charge will be followed by an habitual offender charge. Due process only requires that a defendant be given a reasonable notice and opportunity to be heard relative to the habitual offender charge. *Oyler v. Boles,* 368 U.S. 448, 452 (1962).

Petitioner did not dispute, either at his sentencing, or more importantly, in his habeas petition, that he had prior convictions that would make him eligible to be sentenced as an habitual offender, nor did he object or seek a continuance based on the absence of advance notice of the sentence enhancement. Therefore, petitioner cannot complain that he was denied due process. *Oyler,* 368 U.S. at 453-54. Petitioner is not entitled to habeas relief on his sixth claim.

**I. Claim # 8. The prosecutorial misconduct claim.**

Petitioner next claims that the prosecutor committed misconduct when she vouched for the credibility of the witnesses in her closing argument.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004). A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(internal quotation marks omitted)(quoting *Donnelly v. DeChristoforo*, 416

18

U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for

habeas relief only if the conduct was so egregious as to render the entire trial

fundamentally unfair based on the totality of the circumstances. *Id.* at 643-45.  To

obtain habeas relief on a prosecutorial misconduct claim, a petitioner must show

that the state court's rejection of the prosecutorial misconduct claim "was so

lacking in justification that there was an error well understood and comprehended

in existing law beyond any possibility for fairminded disagreement." *Parker v.

Matthews*, 567 U.S. 37, 48 (2012).

Petitioner was convicted at a bench trial.  Federal courts presume that a

judge, as the trier of fact, "can readily identify credible evidence, give proper

weight to the evidence, and understand what law is relevant to his or her

deliberations." *Hill v. Anderson*, 881 F.3d 483, 510 (6th Cir. 2018)(internal

citations omitted).  Petitioner is not entitled to relief on his prosecutorial

misconduct claim because he presented no evidence that the judge who tried his

case "was incapable of discerning what constitutes admissible evidence and

parsing such evidence out from any inflammatory or irrelevant comments by the

prosecutor." *Id.* (footnotes omitted).

**J. Petitioner's remaining claims are conclusory.**

Petitioner's remaining allegations that he raises in his amended petition are somewhat difficult to understand. Petitioner alleges a violation of *Miranda v. Arizona,* 384 U.S. 436 (1966), a violation of his right to remain silent, and errors involving a protective services investigation.

Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico,* 455 F.3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief). Petitioner is not entitled to relief on his remaining claims because they are conclusory or unsupported.

**K. The motions to strike the answer are DENIED.**

Petitioner filed two motions to strike the answer on the ground that it was not timely filed.

On September 12, 2017, this Court granted petitioner's motion to amend the petition and ordered that the original and amended petitions be served on respondent. Respondent was ordered to file an answer and the Rule 5 materials

within one hundred and eighty days of the order. (See Dkt. # 7, Pg ID 71-72). The answer and the Rule 5 materials were filed on March 1, 2018, which was within one hundred and eighty days of the Court's September 12, 2017 order. (See Dkts. # 10, 11). The motions to strike are accordingly denied.

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith,* 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court also denies petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F. Supp. 2d at 798.

## IV. CONCLUSION

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus. The Court **DENIES** the motions to strike the answer. [Dkts. ## 13, 15). The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis.*

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 30, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 30, 2018.

s/Deborah Tofil
Case Manager